CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 14 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil Action No. 7:15CV00009 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| ROBERT A. NEWBILL, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

This case is presently before the court on the United States' motion for default judgment. For the reasons set forth below, the motion will be granted.

### Background

On January 9, 2015, the United States filed this action against the defendant, Robert A. Newbill, pursuant to 26 U.S.C. § 7401, seeking to reduce to judgment the unpaid assessment of trust fund recovery penalties and interest made against Newbill under 26 U.S.C. § 6672. A private process server personally served Newbill with the complaint and summons on April 10, 2015.

Newbill failed to answer or otherwise defend the action within the time period permitted by the Federal Rules of Civil Procedure. On June 10, 2015, the Clerk filed an entry of default against Newbill. Newbill has not moved to set aside the entry of default, or otherwise appeared in any manner in this case. The United States has now moved for default judgment.

### Standard of Review

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step procedure for obtaining a default judgment. When a defendant fails to plead or otherwise defend an action, the Clerk of Court is authorized to make an entry of default. See Fed. R. Civ. P. 55(a). After default is entered by the Clerk, a party may move for default judgment under Rule 55(b).

Upon default, all of the well-pleaded facts alleged in the complaint may be taken as true for purposes of liability. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (internal citation omitted); see also Fed. R. Civ. P. 8(b)(6). Accordingly, in the default judgment context, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, No. 99-1508, 1999 U.S. App. LEXIS 18633, at *2 (4th Cir. Aug. 10, 1999).

If the facts alleged in the complaint are sufficient to establish liability, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2). The court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See Anderson, 155 F.3d at 507 (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing").

## Discussion

The Internal Revenue Code requires employers to withhold income taxes and Federal Insurance Contribution Act ("FICA") taxes from their employees' wages when those wages are paid. See 26 U.S.C. §§ 3102(a) & 3402(a). Because the employer holds these taxes as "special fund[s] in trust for the United States," 26 U.S.C. § 7501(a), the withheld amounts are commonly referred to as "trust fund taxes." Slodov v. United States, 436 U.S. 238, 243 (1978) (internal quotation marks omitted). These funds "exist for the exclusive use of the government, not the employer," and may not be used to pay the employer's business expenses. Erwin v. United States, 591 F.3d 313, 319 (4th Cir. 2010).

"The Code 'assure[s] compliance by the employer with its obligation . . . to pay' trust fund taxes by imposing personal liability on officers or agents of the employer responsible for 'the

2

employer's decisions regarding withholding and payment' of the taxes." Id. (quoting Slodov, 436 U.S. at 247. To that end, § 6672 of Title 26 provides, in pertinent part, as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Applying this statute, the United States Court of Appeals for the Fourth Circuit has held that "[p]ersonal liability for a corporation's trust fund taxes extends to anyone who (1) is responsible for collection and payment of those taxes, and (2) willfully fail[s] to see that the taxes are paid." Erwin, 591 F.3d at 319 (internal citation and quotation marks omitted).

Once the government assesses a taxpayer under § 6672, the taxpayer bears the burden of proving that he was not responsible for the collection or payment of trust fund taxes, and/or that any failure to pay the taxes was not willful. See id. If a taxpayer fails or refuses to pay any tax assessed, the Secretary of the Treasury may authorize the Attorney General to initiate a collection action to reduce the assessment to judgment under 26 U.S.C. § 7401. Such action must be brought "within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a)(1).

In this case, the undisputed facts establish that Newbill was a person responsible for payment of the trust fund taxes withheld from the wages of the employees of New Construction, Inc. ("NCI") during the tax period ending December 31, 2003, and that Newbill willfully failed to pay the trust fund taxes. On January 10, 2005, a delegate of the Secretary of the Treasury made an assessment against Newbill under 26 U.S.C. § 6672 in the amount of $141,093.40, which represented the total amount of withholding and FICA taxes owed by NCI for the period ending December 31, 2003.

After paying a portion of the assessment, Newbill filed suit against the United States in the United States District Court for the Eastern District of Virginia, claiming that he was entitled to a refund of the amount paid. The district court disagreed and granted summary judgment in favor of

3

the government. Newbill v. United States, No. 1:10CV41, 2010 U.S. Dist. LEXIS 124317 (E.D. Va. Nov. 22, 2010). In so doing, the district court held as a matter of law that Newbill was responsible for the payment of NCI's trust fund taxes, and that he willfully failed to pay them. Id. at *26. The district court's rulings on these issues were affirmed by the United States Court of Appeals for the Fourth Circuit. See Newbill v. United States, 441 F. App'x 184, 189 (4th Cir. 2011) (agreeing with the district court "that Newbill was responsible for the payment of NCI's trust fund taxes," and "that Newbill willfully failed to pay NCI's trust fund taxes").

The United States indicates that proper notice of the assessment and a demand for payment were issued to Newbill, and that he has failed to satisfy his tax liability for the period ending December 31, 2003. By failing to answer the complaint, Newbill is deemed to have admitted that the taxes, interest, and penalties were assessed against him, that a notice of assessment and a demand for payment were issued to him, and that he failed to satisfy the assessment. The court concludes that the government's allegations are sufficient to establish Newbill's liability for the trust fund recovery penalties assessed against him for the relevant period.

The court must next determine the amount of liability. It is "well established in tax law that an assessment is entitled to a legal presumption of correctness." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002). Accordingly, it is the taxpayer's burden to prove that the Internal Revenue Service's computations concerning the amount of the assessment are erroneous. United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980).

The United States has submitted a sworn declaration from Susan C. Blunt, a revenue officer advisor with the Internal Revenue Service, along with an account transcript for the trust fund recovery penalties assessed against Newbill for the 2003 tax year.* These submissions establish that trust

---

\* The United States also submitted evidence demonstrating that Newbill is not on active duty with the armed forces, thereby satisfying its requirements under the Service Members Civil Relief Act. See 50 U.S.C. App. § 521(b).

4

fund recovery penalties in the amount of $141,093.40 were assessed against Newbill on January 10, 2005, and that the unpaid balance of the assessment, plus accrued interest and costs, was $55,608.27 as of June 29, 2015. Newbill has not disputed the validity of the assessment or the calculations made by the Internal Revenue Service. The court is convinced that the declaration and account transcript provide a sufficient evidentiary basis for an award of damages in favor of the United States, and that no hearing is necessary. Accordingly, judgment will be entered in favor of the United States for the balance due as of June 29, 2015, plus appropriate interest.

## Conclusion

For the reasons stated, the court will grant the United States' motion for default judgment against Newbill. Judgment will be entered in favor of the United States and against Newbill in the amount of $55,608.27, as of June 29, 2015, plus interest thereafter, pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621(a)(2), until paid in full.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 14th day of July, 2015.

_____
Chief United States District Judge